## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Kathy JoAnn Salyers,<br><br><br>Debtor. | C/A No. 15-02095-DD<br><br>Chapter 7<br><br>**ORDER OVERRULING OBJECTION<br>TO CLAIM** |

This matter is before the Court on debtor Kathy JoAnn Salyers' ("Debtor") objection to the proof of claim of Kelly M. Morgan [Docket No. 80]. Responses were filed by Michelle L. Vieira, the chapter 7 trustee, on March 18, 2016 [Docket No. 83] and by Kelly M. Morgan on April 1, 2016 [Docket No. 92]. A hearing was held on June 14, 2016. At the conclusion of the hearing, the Court overruled the objection and allowed Mr. Morgan's proof of claim in the filed amount. The Court now issues this Order.

Mr. Morgan filed a proof of claim in Debtor's chapter 7 bankruptcy case on September 3, 2015, asserting a claim in the amount of $22,164.06. The basis for Mr. Morgan's claim is a judgment for unpaid legal services obtained in Ohio state court and domesticated in South Carolina in August 2013. Debtor argues that Mr. Morgan's claim should be disallowed because she has already paid him all that she owes him, that Mr. Morgan forgave a portion of the legal fees owed to him, and that Mr. Morgan's judgment was obtained by fraud. In support of these arguments, Debtor introduced into evidence copies of invoices sent to her by Mr. Morgan, as well as an appellate brief drafted by Mr. Morgan on her behalf during the representation.

In response to Debtor's objection to his proof of claim, Mr. Morgan argues first that Debtor lacks standing to object because she has failed to show she has a pecuniary interest. Mr. Morgan also asserts that the *Rooker-Feldman* doctrine prevents this Court from reviewing the Ohio court's entry of Mr. Morgan's judgment since the Ohio judgment is a final judgment. Finally, Mr. Morgan

asserts that Debtor has failed to meet her burden of overcoming the presumptive validity of his proof of claim.

First, the Court agrees that Debtor lacks standing to object to Mr. Morgan's claim. Ms. Vieira states in her response to Debtor's objection that after Debtor refused to provide the trustee with information regarding the basis for objecting to Mr. Morgan's claim, Ms. Vieira undertook an independent investigation of Mr. Morgan's claim and determined that there was no good faith basis to object to the claim. It is true that a chapter 7 debtor can object to a claim if "it can be demonstrated that he has a pecuniary interest in the distribution of his assets among his creditors." *Carrington Mortg. Servs., LLC v. Riley (In re Riley)*, 478 B.R. 736, 745 (Bankr. D.S.C. 2012) (quoting *Anderson v. Simchon et al. (In re S. Textile Knitters, Inc.)*, No. 98-07203-W, Adv. No. 99-80026-W, 1999 WL 33485638, at *3 (Bankr. D.S.C. May 24, 1999)); *see also Hoy v. Atkeson*, No. 3:15-04860-MGL, 2016 WL 3162177, at *4 (D.S.C. June 6, 2016) ("The general rule in the Fourth Circuit is that a Chapter 7 debtor has standing only if he can demonstrate that he has a 'pecuniary interest in the distribution of his assets among his creditors.' To establish a pecuniary interest, a debtor must show a reasonable probability of a surplus distribution after all creditors' claims have been satisfied.") (internal citations omitted). Here, however, Debtor's schedules filed in her chapter 7 case indicate that her liabilities exceed her assets. The only asset the trustee may be able to recover in Debtor's bankruptcy case is the property transferred from Debtor to her ex-husband and son, and this will only occur if the trustee is successful in the pending adversary proceeding brought by the trustee pursuant to 11 U.S.C. §§ 544 and 550. Importantly, because a section 544 cause of action requires an existing creditor of the debtor and Mr. Morgan is Debtor's

only existing creditor,[1] the trustee can only succeed in her pending adversary proceeding if Mr. Morgan's claim is allowed - meaning Debtor only has a pecuniary interest if Mr. Morgan's claim is allowed. Based on the significant amount of work the trustee's counsel has performed in connection with the adversary proceeding and the bankruptcy case, it is likely creditors will not be paid in full and no funds will remain for Debtor. Debtor has not demonstrated that she has a pecuniary interest in the distribution of any funds recovered by the trustee, and as a result does not have standing to object to Mr. Morgan's claim.

Second, this Court is prohibited from engaging in a review of the validity of Mr. Morgan's judgment by the *Rooker-Feldman* doctrine. "'The *Rooker-Feldman* doctrine bars lower federal courts from undertaking appellate review of state court decisions.'" *Anderson v. Cordell (In re Infinity Bus. Grp., Inc.)*, 497 B.R. 495, 498 (Bankr. D.S.C. 2013) (quoting *McGuffin v. Barman (In re BHB Enters., LLC)*, C/A No. 97-01975-JW, Adv. Pro. No. 97-80201, 1997 WL 33344249 (Bankr. D.S.C. Aug. 27, 1997)). For the *Rooker-Feldman* doctrine to apply, the following four requirements must be met:

> (1) the federal plaintiff lost in state court;
> (2) the plaintiff complains of injuries caused by the state-court judgments;
> (3) those judgments were rendered before the federal suit was filed; and
> (4) the plaintiff is inviting the district court to review and reject the state-court judgments.

*Infinity Business Group*, 497 B.R. at 499 (citing *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22 (2005)).

Here, all of these elements are met. The Ohio judgment was entered against Debtor due to her failure to appear in that action. Debtor filed a motion for reconsideration pursuant to Rule

---

[1] Two other proofs of claim were filed in Debtor's chapter 7 case. The claim of Ohio Department of Job and Family Services was withdrawn on March 22, 2016, after Debtor filed an objection to the claim. The claim of Norman Law was disallowed by Order entered June 15, 2016.

3

60(b) in the Ohio action, which was denied by the Ohio state court. Debtor then appealed the denial of her Rule 60(b) motion, and the Ohio appellate court affirmed that denial as well. Debtor did not pursue further appeals. Thus, the Ohio judgment is a final judgment.

Debtor argues that Mr. Morgan is trying to assert a claim against her in her bankruptcy case that is not valid; thus, the second element is met as well. The Ohio judgment was entered in January 2013, Debtor's Rule 60(b) motion was denied in April 2014, and the Ohio appellate court affirmed the denial of the Rule 60(b) motion in October 2014. Debtor's chapter 7 bankruptcy case was not filed until April 2015. The Ohio judgment was final before Debtor filed her bankruptcy case. By asking this Court to find that Mr. Morgan's claim is not valid, Debtor is asking this Court to review and reject the Ohio judgment. The elements of the *Rooker-Feldman* doctrine are met. This Court cannot review the Ohio state court's final judgment.[2]

Third, the evidence presented by Debtor is insufficient to support her objection. The filing of a creditor's proof of claim constitutes prima facie evidence of the claim's amount and validity.[3] Fed. R. Bankr. P. 3001(f). If a debtor objects to a proof of claim, the burden is on the debtor to introduce evidence "to rebut the claim's presumptive validity." *Stancill v. Harford Sands, Inc. (In re Harford Sands, Inc.)*, 372 F.3d 637, 640 (4th Cir. 2004) (citing Fed. R. Bankr. P. 9017; Fed. R. Evid. 301; 4 Collier on Bankruptcy ¶ 501.02[3][d]). Debtor has not satisfied her burden of

---

[2] Debtor's arguments at the hearing on her objection mainly focused on her allegations that Mr. Morgan fraudulently obtained the Ohio judgment. While some courts may recognize a fraud exception to the *Rooker-Feldman* doctrine, the Fourth Circuit has not done so. *Almanzar v. Bank of America, N.A.*, 2013 WL 6893966, at *5 (M.D.N.C. Dec. 31, 2013). Additionally, the District of South Carolina has declined to recognize such an exception. *Patterson v. Autozone Auto Parts, Inc.*, 2011 WL 379427, at *5, *6 (D.S.C. Feb. 3, 2011); *see also Almanzar*, 2013 WL 6893966, at *5 ("[T]he District of South Carolina, the only court in this circuit that appears to have considered the issue, has declined to [recognize a fraud exception.]"). Even if this Court were to recognize such an exception to the *Rooker-Feldman* doctrine, there has been no showing that Debtor could not have raised her fraud arguments in the Ohio state court proceedings.

[3] Debtor argues that Mr. Morgan's claim is not presumptively valid because a certified copy of the Ohio judgment was not attached when it was originally filed. However, Mr. Morgan's proof of claim contained substantial documentation to support the claim, and a certified copy of the Ohio judgment was introduced into evidence by Mr. Morgan at the hearing on Debtor's objection.

4

overcoming the presumptive validity of Mr. Morgan's claim. While the invoices introduced into evidence by both Debtor and Mr. Morgan show some inconsistencies in Mr. Morgan's documentation of his fees, Mr. Morgan testified that the billing discrepancies were due to his failure to carry forward balances owed on previous bills.  Mr. Morgan satisfactorily explained the discrepancies in the invoices submitted into evidence.

Debtor also relied on a portion of an appellate brief prepared by Mr. Morgan on Debtor's behalf.  Debtor referred specifically to a sentence in the brief which states, "Appellant has paid her attorney fees."  Mr. Morgan satisfactorily explained this as well.  Mr. Morgan testified that the purpose of including this statement in the brief was to show that each party to the litigation was responsible for their own fees, not to show that Debtor had actually paid her attorney fees.[4]  All other evidence presented contradicts that she paid the fees owed to Mr. Morgan.

For the reasons set forth above, Debtor's objection to the proof of claim filed by Kelly M. Morgan is overruled.  Mr. Morgan's claim is allowed in the amount filed.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**06/22/2016**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 06/23/2016

---

[4] The full sentence contained in the brief states, "Appellant has paid her attorney fees, and Algire's interest in the Trust should be responsible for the attorney fees that he and Wells incurred."